IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| SHARON WILLIAMS | § | |
| | § | |
| vs. | § | Case No. 5:26-cv-00023-RWS-JBB |
| | § | |
| DGE COMMERCE, LLC d/b/a | § | |
| DOLLAR GENERAL a/k/a | § | |
| DOLGENCORP OF TEXAS, INC. | § | |

**DEFENDANT'S THIRD AMENDED ANSWER**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

DG eCommerce, LLC, incorrectly sued herein as DGE Commerce, LLC d/b/a Dollar General a/k/a Dolgencorp of Texas, Inc. ("DG eCommerce"), the Defendant in the captioned cause, files this, its Third Amended Answer in response to Plaintiff's Amended Complaint, and would respectfully show the Court as follows:

**I.**

**DENIAL OF CAPACITY**

1. DG eCommerce, LLC denies that it does business as Dollar General or Dolgencorp of Texas, Inc. and further denies that Dollar General is also known as Dolgencorp of Texas, Inc. Dolgencorp of Texas, Inc., which is the corporation that owns and operates all of the Dollar General stores in Texas, is a separate and distinct legal entity from DG eCommerce, LLC and from Dollar General Corp.

2. Plaintiff did not merely "incorrectly name" DG eCommerce, LLC as a party to this suit, as is alleged in the second paragraph of numbered paragraph II of Plaintiff's Amended Complaint. If that were true, Plaintiff logically would have dropped this Defendant from her Amended Complaint, which she did not do.

3. While admitting that DG eCommerce was not a proper party to this suit, Plaintiff also expressly acknowledged that Dolgencorp of Texas, Inc. is a separate and distinct legal entity. Plaintiff did not merely "incorrectly name" this Defendant as a party to this suit. Instead, Plaintiff sued the wrong legal entity and the claim against the correct legal entity is now barred by limitations.

## II.

## GENERAL AND SPECIFIC DENIALS

4. Defendant is unable to either admit or deny the allegation in paragraph I of Plaintiff's Amended Complaint, which is based on Tx R. Civ. P. 190.02 and is, therefore, inapplicable in federal court.

5. Defendant has no reason at this time to deny the allegations in the first paragraph/first three sentences of numbered paragraph II of Plaintiff's Amended Complaint.

6. Defendant admits the allegation in the second paragraph of numbered paragraph II of Plaintiff's Amended Complaint where Plaintiff admits that this Defendant was "incorrectly named as a party to this lawsuit."

7. Defendant denies, however, that it does business as Dollar General as alleged in the second paragraph of numbered paragraph II of Plaintiff's Amended Complaint. Defendant is not liable in the capacity in which it has been sued and there is a defect of parties. Defendant specifically denies that it is the owner, operator or entity in possession or control of the subject Dollar General store in Nash, Texas where the Plaintiff claims she slipped and fell. Defendant also denies that it owns or operates any Dollar General store anywhere. Defendant further denies that it has any connection whatsoever to the subject Dollar General store or, for that matter, any other Dollar General store.

8. Defendant denies the third paragraph of numbered paragraph II of Plaintiff's Amended Complaint. Defendant denies that Dollar General does business as Dolgencorp of Texas, Inc., or that Dollar General is also known as Dolgencorp of Texas, Inc. which is a separate and distinct legal entity from DG eCommerce, LLC and Dollar General Corp.

9. Defendant admits the allegation in the first sentence of numbered paragraph III of Plaintiff's Amended Complaint.

10. Even though such pleading is inapplicable in federal court, Defendant has no reason at this time to deny the allegations in the second and third sentences of numbered paragraph III of Plaintiff's Amended Complaint.

11. Even though such pleading is inapplicable in federal court, Defendant denies the allegations in numbered Paragraph IV of Plaintiff's Amended Complaint.

12. Even though numbered paragraph V of Plaintiff's Amended Complaint is not a short and concise statement as required by Rule 8 of the Federal Rules of Civil Procedure, and even though Plaintiff's last name is misspelled, Defendant generally admits that Plaintiff was involved in an "incident" on the premises of a Dollar General store in Nash, Texas, as alleged in the first sentence of numbered paragraph V. Defendant denies, however, the remainder of the allegations in numbered paragraph V of Plaintiff's Amended Complaint.

13. Even though numbered paragraph VI of Plaintiff's Original Petition is not a short and concise statement as required by Rule 8 of the Federal Rules of Civil Procedure, Defendant denies the allegations in the numbered paragraph VI of Plaintiff's Amended Complaint.

14. Even though numbered paragraph VII of Plaintiff's Amended Complaint is not a short and concise statement as required by Rule 8 of the Federal Rules of Civil Procedure, Defendant denies the allegations in the numbered paragraph VII of Plaintiff's Amended Complaint.

15. While Defendant denies that it has any liability for Plaintiff's claim or her alleged injuries or damages, Defendant admits that Plaintiff has alleged that she has been damaged in a sum in excess of the minimum jurisdictional limits of this Court as set forth in numbered paragraph VIII of Plaintiff's Amended Complaint.

16. Defendant agrees with the request for a jury trial as requested in numbered paragraph IX of Plaintiff's Amended Complaint.

17. Defendant denies the allegations and relief sought in the Prayer as stated in numbered paragraph X of Plaintiff's Amended Complaint. Defendant specifically denies the Plaintiff's request for an award of attorney's fees, as Plaintiff has not plead – and could not in good faith plead – any claim or cause of action that would entitle Plaintiff to recover attorney's fees in this personal injury case. Texas law is well settled that attorney's fees are not recoverable in negligence actions.

## II.

## VERIFIED DENIAL

18. Defendant avers that it and Dollar General are not liable in the capacity in which they have been sued, and that there is a defect of the parties, defendant. The sole and exclusive owner and operator of the subject Dollar General store is Dolgencorp of Texas, Inc., a which is a separate and distinct legal entity from DG eCommerce, LLC and Dollar General Corp, not an "a/k/a" of Dollar General, and has not yet been served or formally been brought into this lawsuit.

## III.

## Affirmative Defenses

19. Defendant would show that it is not the owner, operator or entity in possession or control of the subject Dollar General store in Nash, Texas where the Plaintiff claims she slipped and fell. Defendant in fact does not own or operate any Dollar General store anywhere. Instead, the subject Dollar General store, as well as every other Dollar General store located in the state of Texas, is owned and operated exclusively by Dolgencorp of Texas, Inc. Because DG eCommerce is neither the owner nor operator of the subject Dollar store, and because DG eCommerce otherwise has no connection whatsoever to the subject Dollar General store, DG eCommerce as a matter of law can have no liability for the Plaintiff's alleged slip and fall at the Dollar General store in Nash, Texas, or her claimed injuries or damages. All of Plaintiff's claims against this Defendant must, therefore, be dismissed.

20. Pleading further, and in the alternative, Defendant denies that the alleged "condition" complained of by Plaintiff constituted an unreasonably dangerous condition or that such "condition" was a proximate cause of Plaintiff's alleged fall at the subject store or her alleged injuries or damages.

21. Pleading further, Defendant would show that Plaintiff was guilty of certain acts or omissions of negligence, each of which, separately or concurrently, was the sole proximate cause or, alternatively, a proximate cause of the occurrence made the basis of this suit, including but not limited to failing to keep a proper lookout for her own safety.

22. Pleading further, and in the alternative, Defendant would show that the occurrence made the basis of this suit was the result of an unavoidable accident; that is, one not proximately caused by the negligence of any party to it.

23. Pleading further in the alternative, Defendant would show that the act or omission of a separate and independent agency, not reasonably foreseeable, destroyed the causal connection, if any, between the acts or omissions of Defendant and the occurrence in question, and thereby became the immediate cause of such occurrence and the Plaintiff's claimed injuries and damages.

24. Pleading further, Defendant would show that, pursuant to Texas Civil Practice and Remedies Code §41.0105, any claim for medical or healthcare expenses allegedly incurred by Plaintiff is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

25. Pleading further, Defendant would show that, pursuant to Texas Civil Practice and Remedies Code §18.091, evidence of alleged loss of earnings, lost wages, lost earning capacity and/or loss of contributions of a pecuniary value, if any, and to the extent such recovery is sought, must be presented by Plaintiff in the form of net loss after reduction for income tax payments or unpaid tax liability to any federal income tax law.

26. Although Dolgencorp of Texas, Inc. has not yet been served or formally been brought into this lawsuit, Defendant would show that the Plaintiff's claims against Dolgencorp of Texas, Inc. are barred by the Texas two-year statute of limitations.

## PRAYER

For the above reasons, Defendant DG eCommerce prays that upon final hearing judgment be rendered that Plaintiff recover nothing of and from this Defendant, and that this Defendant recover its costs in this behalf expended; further, that this Defendant be granted all such other and further relief to which it may be justly entitled.

Respectfully submitted,

BY: */s/ Ignacio Barbero*

Michael A. Hummert
Lead Attorney
State Bar No. 10272000
mhummert@ekvallbyrne.com
Ignacio Barbero
State Bar No. 00796162
ibarbero@ekvallbyrne.com
EKVALL & BYRNE, LLP
4450 Sigma Road, Suite 100
Dallas, Texas 75244
TELEPHONE (972) 239-0839
FACSIMILE (972) 960-9517

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

On September 25, 2026, I electronically submitted the foregoing document with the clerk of court of the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Ignacio Barbero*
Ignacio Barbero

STATE OF TEXAS )

COUNTY OF DALLAS )

BEFORE ME, the undersigned authority, on this day personally appeared Ignacio Barbero, known to me, who being by me duly sworn upon oath deposed and stated that he is over eighteen (18) years of age, is of sound mind, is fully competent to make this affidavit, that he is attorney of record for Dollar General Corporation and Dolgencorp of Texas, Inc. and that the statements contained in Paragraph II of the foregoing instrument is, on information and belief, true and correct.

____________________________________
Ignacio Barbero

SUBSCRIBED AND SWORN TO before me this 25th day of September, 2026.

____________________________________
NOTARY PUBLIC, STATE OF TEXAS